UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LAWRENCE M. FALLAT, DPM,

    Plaintiff,

v

CRYOMED, LLC, a Delaware Limited Liability Company,

    Defendant.

Case No. 08-14875

HON. LAWRENCE P. ZATKOFF

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

---

David L. Steinberg (P32247)
THAV, GROSS, STEINWAY & BENNETT, P.C.
Co-Counsel for Plaintiff
30150 Telegraph Road, Suite 444
Bingham Farms, MI 48025
(248) 645-1700
dsteinberg@thavgross.com

Thomas E. Anderson (P32564)
Mark D. Schneider (P55253)
GIFFORD, KRASS, SPRINKLE, ANDERSON & CITKOWSKI, P.C.
Co-Counsel for Plaintiff
2701 Troy Center Drive, Suite 330
Troy, MI 48084
(248) 647-6000
tanderson@patlaw.com
mschneider@patlaw.com

Steve J. Sielatycki (P66751)
LAW OFFICE OF STEVE SIELATYCKI
Counsel for Defendant
516 Whites Road, Suite 4
Kalamazoo, MI 49008
(269) 978-2525
sielatycki@gmail.com

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION**

    Defendant Cryomed, LLC ("Defendant" or "Cryomed"), by and through its attorney, Steve J. Sielatycki, states for its Response to Plaintiff's Motion for Preliminary Injunction as follows:

1

Defendant is a manufacturer of cryosurgical devices used by hospitals to treat neuromas in addition to a myriad of other medical techniques.  Such cryosurgical devices and techniques have been used in the medical field for over 20 years.  Apparently, Plaintiff believes it has acquired a patent covering these obvious techniques that date back to well before Plaintiff's alleged "invention" of the techniques.  Yet this patent is certainly invalid.

Plaintiff now asks this Court to grant a preliminary injunction despite the fact that, as the Court has already ruled, "adequate remedies exist at law."  <u>Order Denying Plaintiff's Motion for Temporary Restraining Order</u>, at 4.  Despite this, Plaintiff asks this Court for a drastic remedy, specifically, the cessation of production and distribution of medical treatment devices that are used by hospitals and doctors throughout the country to treat patients using a myriad of medical techniques that are wholly unrelated to Plaintiff's alleged patent.

In light of these facts, and for the reasons articulated below, Defendant respectfully requests that this Court deny Plaintiff's Motion for Preliminary Injunction.

Respectfully submitted,

**LAW OFFICE OF STEVE SIELATYCKI**

Dated:  April 10, 2009          By:   s/Steve Sielatycki
                                      Steve J. Sielatycki (P66751)
                                      Attorney for Defendant
                                      **BUSINESS ADDRESS:**
                                      516 Whites Road, Suite 4
                                      Kalamazoo, MI 49008
                                      (269) 978-2525
                                      sielatycki@gmail.com