UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE M. FALLAT, DPM,

Plaintiff,

v

CRYOMED, LLC, a Delaware Limited Liability Company,

Defendant.

Case No. 08-14875

HON. LAWRENCE P. ZATKOFF

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

David L. Steinberg (P32247)
THAV, GROSS, STEINWAY & BENNETT, P.C.
Co-Counsel for Plaintiff
30150 Telegraph Road, Suite 444
Bingham Farms, MI 48025
(248) 645-1700
dsteinberg@thavgross.com

Thomas E. Anderson (P32564)
Mark D. Schneider (P55253)
GIFFORD, KRASS, SPRINKLE, ANDERSON & CITKOWSKI, P.C.
Co-Counsel for Plaintiff
2701 Troy Center Drive, Suite 330
Troy, MI 48084
(248) 647-6000
tanderson@patlaw.com
mschneider@patlaw.com

Steve J. Sielatycki (P66751)
LAW OFFICE OF STEVE SIELATYCKI
Counsel for Defendant
516 Whites Road, Suite 4
Kalamazoo, MI 49008
(269) 978-2525
sielatycki@gmail.com

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendant Cryomed, LLC ("Defendant" or "Cryomed"), by and through its attorney, Steve J. Sielatycki, states for its Brief in Opposition to Plaintiff's Motion for Preliminary Injunction as follows:

## INTRODUCTION

Defendant is a manufacturer of cryosurgical devices used by hospitals to treat neuromas in addition to a myriad of other medical techniques. Such cryosurgical devices and techniques have been used in the medical field for over 20 years. Apparently, Plaintiff believes it has acquired a patent covering these obvious techniques that date back to well before Plaintiff's alleged "invention" of the techniques. Yet this patent is certainly invalid.

Plaintiff now asks this Court to grant a preliminary injunction despite the fact that, as the Court has already ruled, "adequate remedies exist at law." Order Denying Plaintiff's Motion for Temporary Restraining Order, at 4. Despite this, Plaintiff asks this Court for a drastic remedy, specifically, the cessation of production and distribution of medical treatment devices that are used by hospitals and doctors throughout the country to treat patients using a myriad of medical techniques that are wholly unrelated to Plaintiff's alleged patent.

In light of these facts, and for the reasons articulated below, Defendant respectfully requests that this Court deny Plaintiff's Motion for Preliminary Injunction.

## STANDARD OF REVIEW

Whether preliminary injunctive relief should be granted is determined by consideration of the following four factors: "(1) the likelihood of the plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served." Int'l Longshoremen's Assoc. AFL-CIO, Local Union No. 1937 v. Norfolk Southern Corp., 927 F.2d 900, 903 (6th Cir. 1991).

## ARGUMENT

Plaintiff is not entitled to a preliminary injunction against Defendant. In this case, analysis of each of the relevant factors supports the denial of Plaintiff's Motion for Preliminary Injunction.

## I. *DEFENDANT*, NOT PLAINTIFF, HAS A STRONG LIKELIHOOD OF SUCCESS ON THE MERITS

Cryosurgical devices have been used for over 20 years by interventional pain specialists to treat painful neuromas, and these techniques have been widely published. In the face of these historical facts, it is difficult to see how Plaintiff's patent could possibly survive even cursory scrutiny. For a patent to be valid, it must detail an "invention [that was not] known or used by others [...] before the invention thereof by the applicant." 35 U.S.C. § 102(a). Moreover, a patent will not stand where the technique "would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a).

In this case, cryosurgical devices have been used by doctors throughout this country and the world for over 20 years. Not only would this technique have been obvious to an interventional pain specialist at the time of the invention, but the technique of using cryosurgical devices to treat painful neuromas was, in fact, practiced by interventional pain specialists at that time. This clear history of treatment of neuromas by the use of cryosurgical devices is fatal to Plaintiff's patent claims.

Moreover, even if the Court were to find that the patent or a portion of the patent is valid, Defendant's devices do not require the use of the patented technique. In fact, many techniques are implemented by doctors when using cryosurgical devices. To succeed on its contributory infringement and inducing infringement claims, Plaintiff would need to somehow prove the false assertion that Defendant's device is only usable by implementation of Plaintiff's technique. The more than a dozen other techniques implemented by doctors using the devices will prove fatal to any such assertion by Plaintiff.

As such, Defendant is likely to succeed on the merits of this case.

## II. PLAINTIFF WILL NOT SUFFER IRREPARABLE INJURY IF INJUNCTIVE RELIEF IS NOT GRANTED

Moreover, even if Plaintiff succeeds in convincing the Court that it has suffered injury for which redress is required, such injury would not be irreparable. It is black-letter law that "[i]f the injury complained of may be compensated by an award of monetary damages, then an adequate remedy at law exists and no irreparable harm may be found as a matter of law." Cellnet Communications, Inc. v. New Par, 291 F. Supp. 2d 565, 570 (E.D. Mich. 2003).

In this case, Plaintiff complains that it is entitled to royalties or license fees from its patent. In the unlikely event that Plaintiff was to prevail on the merits, an award of money damages could be fashioned by the Court to precisely coincide with the royalties and license fees being demanded by Plaintiff. Moreover, in its Order Denying Plaintiff's Motion for Temporary Restraining Order entered on December 23, 2008, this Court held that "adequate remedies exist at law." Id., at 4.

As such, Plaintiff's have simply failed to demonstrate that any irreparable injury will result if a preliminary injunction is not issued. Quite to the contrary, Defendant would be forced to cease the production and sale of its devices at great and incalculable and irreparable cost to Defendant. Given the adequate remedies at law, Defendant respectfully requests that this Court deny Plaintiff's Motion for Preliminary Injunction.

## III. A PRELIMINARY INJUNCTION WOULD HARM THIRD PARTIES

As articulated above, Defendant's devices are used for over a dozen techniques by doctors in their treatment of patients. It is not only impractical, but needlessly harmful to these doctors and their patients to deprive them of a medical device to effectuate proper treatment. The harm to these doctors and patients, none of which are parties to this litigation, is incalculable and irreparable, further counseling against the issuance of a preliminary injunction.

## IV. THE PUBLIC INTEREST WOULD BE HARMED BY ISSUANCE OF A PRELIMINARY INJUNCTION

Likewise, as articulated in Section III above, the public interest in effective medical care for patients counsels against a preliminary injunction in this case. Adequate remedies at law exist, and medical hospitals, the primary customers of Defendant, would be deprived of a useful treatment device with over a dozen uses. In light of these facts, the public interest is clearly in favor of continued availability of Defendant's medical treatment devices.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion for Preliminary Injunction.

Respectfully submitted,

**LAW OFFICE OF STEVE SIELATYCKI**

Dated: April 10, 2009

By: _s/Steve Sielatycki___________________

Steve J. Sielatycki (P66751)
Attorney for Defendant
**BUSINESS ADDRESS:**
516 Whites Road, Suite 4
Kalamazoo, MI 49008
(269) 978-2525
sielatycki@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE M. FALLAT, DPM,

Plaintiff,

v

CRYOMED, LLC, a Delaware Limited Liability Company,

Defendant.

Case No. 08-14875

HON. LAWRENCE P. ZATKOFF

**CERTIFICATE OF SERVICE**

David L. Steinberg (P32247)
THAV, GROSS, STEINWAY & BENNETT, P.C.
Co-Counsel for Plaintiff
30150 Telegraph Road, Suite 444
Bingham Farms, MI 48025
(248) 645-1700
dsteinberg@thavgross.com

Thomas E. Anderson (P32564)
Mark D. Schneider (P55253)
GIFFORD, KRASS, SPRINKLE, ANDERSON & CITKOWSKI, P.C.
Co-Counsel for Plaintiff
2701 Troy Center Drive, Suite 330
Troy, MI 48084
(248) 647-6000
tanderson@patlaw.com
mschneider@patlaw.com

Steve J. Sielatycki (P66751)
LAW OFFICE OF STEVE SIELATYCKI
Counsel for Defendant
516 Whites Road, Suite 4
Kalamazoo, MI 49008
(269) 978-2525
sielatycki@gmail.com

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he filed Defendant's *Response to Plaintiff's Motion for Preliminary Injunction* and *Brief in Opposition to Plaintiff's Motion for Preliminary Injunction* with the Clerk of the Court using the ECF system on April 10, 2009, which will send notification of such filing to the following:

*-NEXT PAGE-*

David L. Steinberg (P32247)
THAV, GROSS, STEINWAY & BENNETT, P.C.
Co-Counsel for Plaintiff
30150 Telegraph Road, Suite 444
Bingham Farms, MI 48025
(248) 645-1700
dsteinberg@thavgross.com

Thomas E. Anderson (P32564)
Mark D. Schneider (P55253)
GIFFORD, KRASS, SPRINKLE, ANDERSON & CITKOWSKI, P.C.
Co-Counsel for Plaintiff
2701 Troy Center Drive, Suite 330
Troy, MI 48084
(248) 647-6000
tanderson@patlaw.com
mschneider@patlaw.com

Respectfully submitted,

**LAW OFFICE OF STEVE SIELATYCKI**

Dated: April 10, 2009

By: _s/Steve Sielatycki___________________

Steve J. Sielatycki (P66751)
Attorney for Defendant
**BUSINESS ADDRESS:**
516 Whites Road, Suite 4
Kalamazoo, MI 49008
(269) 978-2525
sielatycki@gmail.com