UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE M. FALLAT, DPM,

        Plaintiff,

                                 CASE NO. 08-14875
vs.                             HON. LAWRENCE P. ZATKOFF

CRYOMED, LLC,

        Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiff's motion for reconsideration, filed on May 7, 2009 [dkt 20]. In his motion, Plaintiff challenges the Court's April 24, 2009, Opinion and Order granting in part and denying in part Plaintiff's motion for a preliminary injunction. Pursuant to E.D. Mich. L.R. 7.1(g)(2), no response is permitted.

Local Rule 7.1(g)(3) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(g)(3). The same subsection further states, "the movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997).

Plaintiff seeks to extend the Court's preliminary injunction to cover "all sales of CryoPac Units." Plaintiff contends that the Court's Opinion and Order contained a palpable defect by not applying the Federal Circuit's standard for irreparable harm, which states that "a strong likelihood

of success on the merits on the issue of patent infringement raises a presumption of irreparable harm to the patentee." Therefore, Plaintiff argues that applying that presumption "when combined with the failure to file a written response opposing Plaintiff's Motion as well as the unrebutted facts and admissions identified in Defendant's website and advertisement, must result in a different disposition of the Order." In its April 24, 2009, Opinion and Order, the Court held that "Plaintiff has not shown a likelihood of success on the merits of his contributory-infringement claim with respect to the CryoPac Units." The Court also held that "Plaintiff has made a strong showing that he will be successful on his claim of inducing infringement as it pertains to the use of his image and likeness in demonstrative pictures and videos but not as it pertains to the actual CryoPac Units." Therefore, because Plaintiff did not establish a strong likelihood of success on the merits of his claims as they related to the CryoPac Units, he is not entitled to a presumption of irreparable harm. Therefore, even if the Court's Opinion and Order contained a palpable defect, correcting such a defect would not result in a different disposition of the case. The remainder of Plaintiff's motion raises issues that have already been addressed "either directly or by reasonable implication." Therefore, Plaintiff's motion for reconsideration is HEREBY DENIED.

2

IT IS SO ORDERED.


                                        S/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated:  May 29, 2009

                           CERTIFICATE OF SERVICE

        The undersigned certifies that a copy of this Order was served upon the attorneys of
record by electronic or U.S. mail on May 29, 2009.


                                        S/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290

3